UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHRISTOPHER SCOTT MAYBERRY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:17-cv-01366 |
| | ) | Judge Trauger |
| TENNESSEE GOVERNOR BILL HASLAM, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The plaintiff, Christopher Scott Mayberry, is an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee. He has filed this action *pro se* against Bill Haslam, Governor of Tennessee; Donald Trump, President of the United States; Jeff Sessions, Attorney General of the United States; and Chris Craft, a Judicial Conduct Officer; seeking an investigation into his convictions and an immediate release from custody.[1]

In December, 2012, a jury in Humphreys County found the plaintiff guilty of selling methamphetamines (2 counts). Doc. No. 1 at 1-2. For these crimes, he is currently serving a sentence of ten years in prison. *Id* at 1. The plaintiff claims that "the audio recordings of the trial don't match the paper transcript of the trial." *Id*. He accuses the trial judge (George C. Sexton) of tampering with the evidence by altering the paper transcript, Doc. No. 6 at 1, "to get a wrongful conviction." Doc. No. 1 at 1.

---

[1] In a pleading (Doc. No. 6) titled "Prisoner Civil Rights", the plaintiff substitutes Jeff Sessions for Eric Holder and adds Chris Craft as a defendant. *Id* at 3.

1

The plaintiff is attacking the validity of his convictions. A challenge to the validity of any confinement or to the particulars affecting its duration are within the sole province of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750 (2004). When success in a prisoner civil rights action would implicitly bring into question the legality of a conviction, the prisoner plaintiff must first successfully pursue his state or federal habeas corpus remedies, i.e., the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

Nowhere in the complaint (Doc Nos. 1 and 6) does it suggest that the plaintiff has already successfully tested the validity of his convictions in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a civil rights action. In any event, the complaint contains no claims set forth against the named defendants.

Accordingly, in the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

ENTER this 27th day of November 2017.

_____
Aleta A. Trauger
United States District Judge